## NEWTON L. DEXTER *vs.* HENRY WHITBECK.

In an action on the case for the wrongful and malicious obstruction of a right of way, the plaintiff, for the purpose of showing that the defendant acted with full knowledge of the plaintiff's rights and maliciously, offered in evidence the record of a former recovery by him against the defendant for the obstruction of a right of way through the same land. Held that it was no objection that the record did not show the precise location of the way, and that the plaintiff might show by parol that it was the same way.

ACTION ON THE CASE for the obstruction of a right of way through the defendant's land; brought to the District Court of Litchfield County. The defendant suffered a default, and the case was heard in damages before *Fyler, J.,* who fixed

the same at $150.  The defendant moved for a new trial for error in the rulings of the court.  The case is sufficiently stated in the opinion.

*H. B. Graves* and *A. T. Roraback*, in support of the motion.

*D. J. Warner* and *D. T. Warner*, contra.

GRANGER, J.  The plaintiff in his declaration alleges that the obstruction of the way by the defendant was done wrongfully, wantonly, and maliciously, that the defendant well knew that the plaintiff was entitled to have said way, and well knew that by the verdict of a jury and the judgment of said District Court, at its March Term, 1876, it was adjudged in a suit of the plaintiff against the defendant that he had such right of way.  The plaintiff, for the purpose of proving these allegations, and for the purpose of showing that he was entitled to punitive damages, offered in evidence the record of the judgment in his favor in a former trial between the parties in the same court for a former obstruction by the defendant of the plaintiff's right of way over the same land. The defendant objected to the introduction of this record for the purposes for which it was offered, and for any other purpose except to show the title of the plaintiff, and on the ground that it did not appear by the record that the right of way was established in any particular locality.

We think this objection was not well founded, and that the court acted properly in receiving the evidence.

It does not appear in the case in what manner the plaintiff claimed the right of way, unless by prescription, or from necessity.  If it was by deed, then the description in the instrument granting the right of way would have governed its locality.  If by prescription, then the particular way used for the time prescribed by law for acquiring the right would have controlled its location.  If by necessity, then the plaintiff would have been bound to show that he used no more of the defendant's land than was warranted by the necessity. We think it apparent that the plaintiff claimed the right by

prescription, and that the character of the way was such as to preclude the idea that it was ever located by metes and bounds, or by any survey and distances. It was a general right of way across the land of the defendant, from the farm of the plaintiff to the highway, for all purposes for which the plaintiff might have occasion to use it, and we think it was not necessary for him to allege or prove that it was located by metes and bounds, or courses and distances.

It is also to be remarked that the defendant admits by his default that the plaintiff has a right of way, substantially as set up in his declaration in this case, and also admits that such right of way has been obstructed by him. The way and manner of its obstruction, whether maliciously and wilfully, was the only real question before the court.

Upon this question the court permitted the plaintiff to prove by parol, that the way obstructed was the same that was in issue in the former trial, and that the defendant knew that it was the same, and that he did the acts complained of wilfully and maliciously. We think the court committed no error in this regard, especially as it appears that the defendant, in opposition to the claim of the plaintiff, was permitted to go fully into the question by parol, and show, for the purpose of mitigating damages, that the obstructions were not placed on the plaintiff's way as established by the verdict in the former trial, and that the plaintiff's right of way as so established was not in the locality where he now claimed that the record and his parol evidence established it. And the court finds from all the evidence that the plaintiff had such a right of way as set forth in his declaration, that it was the same right of way which is described in the record of the former trial, and that the defendant did wickedly, wantonly and maliciously place the obstructions upon the way, as set forth in the plaintiff's declaration. From all the facts disclosed by the record we think justice has clearly been done, and a new trial is not advised.

In this opinion the other judges concurred.